# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLLEEN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1613 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOTA MOTOR CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION OF DEFENDANT, TOYOTA MOTOR CORPORATION, TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Toyota Motor Corporation ("TMC"), through its counsel, Eckert Seamans Cherin & Mellott, LLC, moves this Court to dismiss plaintiff's Complaint, on the following grounds: (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and/or (3) insufficient service of process pursuant to 12(b)(5).

The reasons and law supporting this Motion are more fully set forth in the attached Memorandum of Points and Authorities.

Respectfully submitted,

**ECKERT SEAMANS CHERIN
 & MELLOTT, LLC**


By:      _Edward J. Longosz, II_
Edward J. Longosz, II  (Bar No. 368932)
Mark A. Johnston (Bar No. 455764)
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 659-6600
elongosz@eckertseamans.com
mjohnston@eckertseamans.com

*Attorneys for Defendant, Toyota Motor Corporation*

Of Counsel:

Edward A. Gray
Dennis P. Ziemba
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
egray@eckertseamans.com
dziemba@eckertseamans.com

Dated:  March 5, 2009

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing **Motion to Dismiss, Memorandum of Points and Authorities and Proposed Order** was electronically filed and served, this 5th day of March, 2009, to:

Douglas Peter Desjardins
CLAPP, DESJARDINS & ELY, PLLC
Hall of the States
444 North Capitol Street
Suite 828
Washington , DC 20001

Morris Kletzkin
Joseph W. Santini
FRIEDLANDER MISLER, PLLC
1101 17th Street, NW, Suite 700
Washington, DC 20036

         *Edward J. Longosz, II*
         Edward J. Longosz, II

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                      |     |                              |
|--------------------------------------|-----|------------------------------|
| COLLEEN MILLER,                      | )   |                              |
|                                      | )   |                              |
|                           Plaintiff, | )   | Civil Action No. 08-1613 (ESH) |
|                                      | )   |                              |
|                          v.          | )   |                              |
|                                      | )   |                              |
| TOYOTA MOTOR CORPORATION, et al.     | )   |                              |
|                                      | )   |                              |
|                         Defendants.  | )   |                              |
|                                      | )   |                              |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT, TOYOTA MOTOR CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Toyota Motor Corporation ("TMC"), through its counsel, Eckert Seamans Cherin & Mellott, LLC, submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint. TMC respectfully requests oral argument on this Motion.

## I.    STATEMENT OF FACTS

This civil action arises out of a single vehicle accident which occurred on the continent of Africa, near Uniondale, South Africa. Jerame Miller was operating a Toyota Condor on October 3, 2005 when he lost control of the vehicle. It is not believed that the vehicle at issue ever had contact with the United States. In any event, the vehicle left the road surface and overturned, causing injuries to passengers Dorothy Thomson and Colleen Miller. Plaintiff, Colleen Miller is a citizen of the State of Ohio. Complaint, ¶ 1. Ms. Miller claims damages for injuries sustained in the October 3, 2005 accident.

By way of background, defendant, Toyota Motor Corporation ("TMC"), designs, manufactures, assembles and developmentally tests Toyota motor vehicles in the ordinary course of its business. TMC is located in Japan and has its principal place of business in Japan. TMC

does not import Toyota motor vehicles into the continental United States or in particular into the District of Columbia.  TMC does not market or sell Toyota motor vehicles in the continental United States or in particular in the District of Columbia.  (These functions are carried out by Toyota Motor Sales, U.S.A., Inc., a completely separate company, not a defendant in this case.).  TMC did not design, manufacture, distribute or sell the Toyota Condor, the model vehicle at issue in this matter, in the United States or in particular in the District of Columbia.

This case should be dismissed.  As set forth in more detail below, this Court lacks personal jurisdiction over defendant, Toyota Motor Corporation.  Further, because this Court lacks personal jurisdiction over defendant, this Court is also not a proper venue within which to resolve this dispute between the parties.  Additionally, on or about January 14, 2009, plaintiff improperly attempted to effect service on TMC.  In light of the above, defendant has filed the instant Motion.

## II.    PROCEDURAL HISTORY

This same case was originally filed in the United States District Court for the Northern District of Ohio, styled Estate of Dorothy Thomson, et al. v. Toyota Motor Corp., et al., Civil Action No. 06-2431 (U.S. District Court for the Northern District of Ohio).  See Dckt # 1, herein.  In addition, there have been at least three other matters in Federal courts around the country arising out the same October 2, 2005 accident:  Estate of Madison Miller v. Toyota Motor Corp., et al., Civil Action No. 07-1358 (U.S. District Court for the Middle District of Florida);  Michael Miller v. Toyota Motor Corp., et. al, Civil Action No. 07-3549 (U.S. District Court for the Northern District of Ohio); and Estate of Dorothy Thomson v. Toyota Motor Corp., et al., Civil Action No. 08-02467 (U.S. District Court for District of Maryland).

The U.S. District Court for the Northern District of Ohio dismissed the claims of plaintiffs in Estate of Thomson, the same claims presented in this action, on June 19, 2007 for lack of personal jurisdiction over defendant TMC, and *sua sponte* dismissed the claims against the defendant car rental service under the doctrine of *forum non conveniens*. See Estate of Thomson and Colleen Miller v. Toyota Motor Corp. Worldwide, 2007 U.S. Dist. LEXIS 44344 (N.D. Ohio, June 19, 2007). Plaintiff appealed and the Sixth Circuit affirmed the decision of the district court on July 30, 2008. See Estate of Thomson v. Toyota Motor Corp. Worldwide, 545 F.3d 357 (6th Cir. 2008). In upholding the decision of the District Court, the Sixth Circuit held that TMC did not have sufficient contacts with Ohio to establish personal jurisdiction over it, and that Toyota Motor Sales, U.S.A., Inc. ("TMS"), a subsidiary of TMC, is not an alter ego of TMC. Id. at 362-363. The Sixth Circuit also agreed with the district court's determination that the case should be dismissed against all parties on the ground of *forum non conveniens* because the case should have been brought in South Africa, the location of the accident. Id. at 366. ("The district court was correct in determining that South Africa is the most convenient and proper forum.").

Similarly, after granting plaintiff limited jurisdictional discovery, the United States District Court for the Middle District of Florida dismissed all claims against TMC on October 3, 2008 in the case of Estate of Madison Miller v. Toyota Motor Corp., et al., Civil Action No. 07-1358 on grounds that the court lacked personal jurisdiction over TMC and that TMS was not an alter ego of TMC. Estate of Miller v. Toyota Motor Corp., 2008 U.S. Dist. LEXIS 83693, *18-20 (M.D. Fla. 2008).[1] The court did not reach the question of whether the case should be dismissed under the doctrine of *forum non conveniens*. Id. at *19. On October 10, 2008,

---

[1] The Court acknowledged that the decision of the Sixth Circuit in Estate of Thomson v. Toyota Motor Corp. Worldwide was reached without the benefit of jurisdictional discovery and dealt with TMC's contacts with a different forum, but considered the Sixth Circuit's analysis on personal jurisdiction to be instructive as to the issues before it. Id. at *19-20 n. 6.

plaintiff and TMC stipulated to the dismissal of all claims against TMC in the case of <u>Michael Miller v. Toyota Motor Corp., et al.</u>, Civil Action No. 08-1580 (U.S. District Court for the Middle District of Florida).

The case of <u>Estate of Dorothy Thomson v. Toyota Motor Corp., et al.</u>, Civil Action No. 08-02467 was filed on September 18, 2008 in the United States District Court for the District of Maryland, the same date as the case before this Court.  Contemporaneous with the instant Motion, TMC is filing with the District Court for Maryland a Motion to Dismiss for lack of personal jurisdiction, improper venue, and/or insufficient service of process.

## III. LEGAL ARGUMENT

### A. <u>Defendant is not Subject to Personal Jurisdiction in this Court.</u>

In a diversity case, a Federal court's exercise of personal jurisdiction over a nonresident defendant depends upon state law, here the law of the District of Columbia.  <u>Gorman v. Ameritrade Holding Corp.</u>, 293 F.3d 506, 509 (D.C. Cir. 2002).  In order for this Court to have personal jurisdiction over TMC, this Court "must engage in a two-part inquiry:  A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."  <u>GTE New Media Servs. Inc. v. Bellsouth Corp.</u>, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  It is well settled under D.C. law that personal jurisdiction may be conferred upon a foreign corporation pursuant to the District of Columbia's long-arm statute, D.C. Code § 13-423, or under the provisions for service of foreign corporations, D.C. Code § 13-334.  <u>See</u> <u>Sunlite, Inc. v. BfG Bank AG</u>, 849 F. Supp. 74, 75-76 (D.D.C. 1994).

Pursuant to the Due Process Clause of the Fourteenth Amendment, a court may exercise personal jurisdiction over a particular defendant only if plaintiff can establish certain "minimum

contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation omitted).

> The concept of minimum contacts . . . can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant and inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). In order to satisfy the minimum contacts requirement, the court must be able to point to "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

> Whether due process is satisfied must depend . . . upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.

International Shoe Co., 326 U.S. at 319.

There are two distinct bases for finding that a defendant is subject to personal jurisdiction. Under the District of Columbia's long-arm statute, courts may exercise "specific jurisdiction" over an entity for claims that arise from the entity's "transacting any business" in the District. See Gorman, 293 F.3d at 509 (D.C. Cir. 2002) (citing D.C. Code § 13-423(a)(1) (additional citations omitted)). District of Columbia courts may also exercise "general jurisdiction" over a foreign corporation for claims not arising from the corporation's conduct in the District if the corporation is "doing business" in the District. Id. (citing D.C. Code § 13-334(a) (additional citations omitted)). The exercise of general jurisdiction over a foreign

- 5 -

corporation is permissible under the Due Process Clause only if the defendant's business contacts with the forum district are "continuous and systematic." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)).

In considering a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant. "The general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." First Chi. Int'l v. United Exch. Co., Ltd., 836 F.2d 1375, 1378 (D.C. Cir. 1988). Conclusory statements, however, "do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." Id. (quoting Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983)). In order to successfully carry its burden, the plaintiff must allege "specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws." Helmer v. Doletskaya, 290 F. Supp. 2d 61, 66 (D.D.C. 2003), rev'd on other grounds, Helmer v. Doletskaya, 393 F.3d 201 (D.C. Cir. 2004). In the present matter, defendant is subject to neither specific nor general jurisdiction in this Court.

### 1.    TMC is not Subject to the Specific Jurisdiction of this Court.

To establish personal jurisdiction under § 13-423(a)(1)[2] of the District's long-arm statute, a plaintiff must show: "(1) that the defendant transacted business in the District; (2) that the claim arose from the business transacted in the District; and (3) that the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" Schwartz v. CDI Japan, Ltd., 938 F.

---

[2]  D.C. Code § 13-423(a)(1) states in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -

(1) transacting any business in the District of Columbia; . . .

Supp. 1, 4 (D.D.C. 1996) (quoting International Shoe, 326 U.S. at 316).   In the District of
Columbia, the personal jurisdiction inquiry need not be bifurcated because the long-arm statute is
coextensive with the U.S. Constitution's due process guarantee.   See, e.g., Shoppers Food
Warehouse v. Moreno, 746 A.2d 320, 329 (D.C. 2000) (en banc) (providing a detailed review of
personal jurisdiction law as developed by the Supreme Court and the District of Columbia Court
of Appeals); Mouzavires v. Baxter, 434 A.2d 988, 992, 995, 997 (D.C. 1981) (en banc)
(clarifying that "the most critical inquiry is … whether the defendant's contacts with the forum
are of such a quality and nature that they manifest a deliberate and voluntary association with the
forum" and are not "fortuitous or accidental").   Thus, whether a nonresident defendant is
considered to have transacted business in D.C. sufficient to subject it to personal jurisdiction in
the forum is a function of whether its minimum contacts in D.C. pass constitutional muster.

The constitutional touchstone of the "transacting business" determination under § 13-
423(a)(1) is "whether the defendant purposefully established minimum contacts in the forum
state." COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 520 (D.D.C. 1995) (citing
Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 108-09 (1987)).   The minimum
contacts requirement embodies the notion that an actor must have purposefully availed itself of
the privilege of transacting business in the forum state, "such that it should reasonably anticipate
being haled into court there." Id. at 520-21 (citing World-Wide Volkswagen, 444 U.S. at 297).
To be subject to personal jurisdiction, the defendant itself must have purposefully directed
conduct toward the District.   The Constitution does not permit a defendant to be haled into court
in a jurisdiction solely as a result of "attenuated contacts" or the "unrelated activity of another
party or third person." Id. at 521 (citing Burger King, 471 U.S. at 475).   Absent a deliberate and

- 7 -

voluntary association by a defendant with the forum state, personal jurisdiction may not be established.

Plaintiff has failed to establish that TMC "purposefully established minimum contacts" in the District of Columbia "such that it should reasonably anticipate being haled into court" in this jurisdiction.  COMSAT, 900 F. Supp. at 520-521.  At no time did TMC "purposefully avail" itself of this jurisdiction related to this matter, as no events even remotely connected to this civil action occurred here.  Initially, the accident occurred on the continent of Africa, in the country of South Africa, outside the United States and outside of this jurisdiction.  Moreover, TMC's activities related to the design and manufacture of the subject vehicle did not take place in the United States, much less in this forum.  See Affidavit of Kojiro Tanaka, attached as Exhibit 1.

Plaintiff has also failed to establish that her claims arise from any business transacted by defendant in the District.  Indeed, defendant does not transact business in the District of Columbia.  The subject vehicle has had no contact with the United States or more specifically with the District of Columbia.  In fact, the subject model vehicle, a Toyota Condor, is not designed or manufactured for the United States, much less for the District of Columbia.  See Affidavit of Kojiro Tanaka.  Thus, plaintiff cannot establish personal jurisdiction over TMC in this case because TMC performed no affirmative act in the District of Columbia.  See, e.g., Everett v. Nissan Motor Corp., 628 A.2d 106, 107 (D.C. 1993) (declining to exercise personal jurisdiction where accident occurred in North Carolina and plaintiff resided in D.C.  The nexus between the automobile manufacturer defendant and D.C. was too tenuous to satisfy long-arm requirement.).

This Court's exercise of personal jurisdiction over TMC would also offend "traditional notions of fair play and substantial justice."  Schwartz, 938 F. Supp. at 4.  In order to extend

personal jurisdiction over TMC pursuant to the District's long-arm statute, TMC must have had "fair warning" that it would be sued by plaintiff in the District of Columbia. Shoppers, 746 A.2d at 332. "A related factor in determining whether the exercise of personal jurisdiction over defendant is reasonable or fair is the District of Columbia's 'interest in adjudicating the dispute.'" Formica v. Cascade Candle Company, 125 F. Supp.2d. 552, 556 (D.D.C. 2001) (quoting World-Wide Volkswagen Corp., 444 U.S. at 292). "Where the plaintiff is not a resident of the forum, the forum state's 'legitimate interests in the dispute have considerably diminished.'" Id. (quoting Asahi Metal Industry Co., Ltd., 480 U.S. at 114); see also Shoppers, 746 A.2d at 328 ("A State generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors"). For a citizen of the State of Ohio to haul TMC into this jurisdiction for an accident which did not occur in this jurisdiction, with a vehicle that was not designed, manufactured, distributed or sold in this jurisdiction, would clearly be inconsistent with "traditional notions of fair play and substantial justice." Schwartz, supra.

Under the District's long-arm statute, a plaintiff has the burden of establishing that personal jurisdiction exists, by demonstrating a factual basis for the exercise of such jurisdiction over TMC. See, e.g., COMSAT, 900 F. Supp. at 520. The plaintiff must allege specific facts evidencing purposeful activity by this defendant in the District of Columbia by which TMC invoked the benefits and protections of the District's laws. Id. Plaintiff may not rest on bare allegations or conclusory statements to establish personal jurisdiction. See Schwartz, 938 F. Supp. at 4. Plaintiff merely alleges that TMC "regularly conducts business in the District of Columbia." Complaint, ¶ 2. Plaintiff's allegations regarding personal jurisdiction here are unsupported, conclusory, and fundamentally inaccurate. Because TMC has not purposefully

availed itself of the privilege of transacting business in the forum state, personal jurisdiction may not be established under § 13-423(a)(1) of the District's long-arm statute.

### 2.    TMC is not Subject to the General Jurisdiction of this Court.

The District of Columbia's statute for service on foreign corporations, D.C. Code § 13-334, may be used to establish general personal jurisdiction over a foreign defendant under a narrow set of circumstances.  The statute, provides, in relevant part:

(a)    In an action against a foreign corporation doing any business in the District, process may be served on the agent of the corporation or person conducting its business….

(b)    When a foreign corporation transacts business in the District without having a place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing out of contracts entered into or performed, in whole or in part, in the District of Columbia, or growing out of any tort committed in the District.

D.C. Code § 13-334.

The D.C. Circuit has noted that "although on its face § 13-334(a) appears only to specify proper methods of service, the District of Columbia Court of Appeals has held that compliance with the statute gives rise to personal jurisdiction over a foreign corporation doing business in the District."  Gorman, 293 F.3d at 510 n.1.  Specifically, courts may "exercise 'general jurisdiction' over a foreign corporation as to claims not arising from the corporation's conduct in the District, if the corporation is 'doing business' in the District."  Id. at 509.  The Due Process Clause permits such general jurisdiction over foreign corporations "only. . . if the defendant's business contacts with the forum district are 'continuous and systematic.'"  Gorman, 293 F.3d at 509-10 (citing Helicopteros, 466 U.S. at 415 n.9).  "The District of Columbia Court of Appeals has indicated that the reach of 'doing business' jurisdiction under § 13-334(a) is coextensive with the reach of constitutional due process."  Gorman, 293 F.3d at 510 (citing Hughes v. A.H Robins

Co., 490 A.2d 1140, 1148 (D.C. 1985)).  Section 13-334(a) confers jurisdiction over a defendant "for all purposes, not merely for claims arising out of the defendant's contacts with the District." See Everett, 628 A.2d at 108-09.  Courts have defined "doing business" as "any continuing corporate presence in the forum state directed at advancing the corporation's objectives."  Id. at 108.  However, § 13-334 "must be construed more narrowly in cases where the claim for relief bears no relation to the contacts with the District which form the jurisdictional base."  Id. (quoting Ramamurti v. Rolls-Royce, Ltd., 454 F. Supp. 407, 413 (D.D.C. 1978).

In the present matter, plaintiff lacks the necessary evidence under this heightened burden to establish that this Court can maintain general jurisdiction over defendant.  As set forth in greater detail in the Affidavit of Kojiro Tanaka, attached as Exhibit 1, TMC lacks the requisite connection with the District of Columbia to subject it to the general jurisdiction of this Court. TMC is located in Japan, and does not import Toyota motor vehicles into the continental United States, or in particular into the District of Columbia.  TMC does not market or sell Toyota motor vehicles in the continental United States, or in particular in the District of Columbia.  (These functions are carried out by Toyota Motor Sales, U.S.A., Inc., a completely separate company, not a defendant in this case.).  TMC does not design or manufacture Toyota motor vehicles in the District of Columbia.  It does not ship products directly into the District of Columbia, and does not engage in advertising or promotion of vehicles in the District of Columbia.  Significantly, TMC is not incorporated in the District of Columbia, and is not licensed to do business in the District of Columbia.  It does not conduct business in the District of Columbia, and has no agent for service of process in the District of Columbia.  TMC does not own or lease any real estate in the state of the District of Columbia, and does not maintain a place of business in the District of Columbia.  It does not have a bank account in the District of Columbia, and does not pay taxes to

the District of Columbia.  Further, TMC does not maintain a sales force within the District of Columbia.  In fact, it does not maintain any agents or representatives in the District of Columbia.  TMC does not target specific marketing at the residents of the District of Columbia.  Additionally, it does not solicit sales for Toyota motor vehicles in the District of Columbia through salespersons or manufacturer's representatives.  In light of the above, this Court may not exercise general jurisdiction over defendant.

> **a.    TMC Possesses no "Alter Ego" which would Subject it to the Jurisdiction of this Court.**

In opposition to defendant's Motion, plaintiff will likely once again point to the presence of Toyota vehicles and Toyota dealerships in the District of Columbia as "evidence" that defendant does business in the District of Columbia.  In addition to the above, plaintiff may also point to other Toyota entities in an effort to establish some connection with the District of Columbia.  However, as the U.S. District Courts for the Northern District of Ohio and Middle District of Florida, as well as the Sixth Circuit have ruled, such a surface analysis is flawed on a number of levels.  Initially, TMC lacks sufficient contacts with this forum to subject it to the jurisdiction of this Court.  See Affidavit of Kojiro Tanaka, attached as Exhibit 1.  Rather, vehicles are sold into the District of Columbia through a separate and independent corporation, Toyota Motor Sales, U.S.A., Inc. ("TMS").  Moreover, TMS's holding company, Toyota Motor North America, Inc. ("TMA"), lend no further support to plaintiff.  As set forth below, both TMS's and TMA's contacts with the District of Columbia are insufficient, even under a "stream of commerce plus" theory, to subject TMC to personal jurisdiction in this forum.  See Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 112 (1987) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the

mere act of placing the product into the stream into an act purposely directed toward the forum State.")

Generally, the individual contacts of a parent corporation will not subject it to the general jurisdiction of its subsidiary. See Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 62 F. Supp. 2d 13, 19 (D.D.C. 1999) (citation omitted). However, when the party which contests jurisdiction is merely an "alter ego" of an affiliated party over which the court has personal jurisdiction, the jurisdictional contacts of the affiliated corporation may be imputed to the defendant. Id. D.C. courts have applied four tests to determine whether a subsidiary is an alter ego of the parent corporation, and in turn, whether a parent corporation is liable for the acts of its subsidiary:

> (1)    the "agency" test, which asks whether the parent exercise a significant degree of control over the subsidiary's decision making;
>
> (2)    the "alter ego" test, which permits the court to pierce the corporate veil when necessary to prevent fraud, illegality or injustice;
>
> (3)    the "instrumentality" test, which asks whether the parent exercised extensive control over the wrongful acts of the subsidiary; and
>
> (4)    the "integrated enterprise" test, which considers interrelation of operations, centralized control of labor relations, common management and ownership or financial control.

Material Supply, 62 F. Supp. at 20-21 (citing Richard v. Bell Atlantic Corp., 946 F. Supp. 54, 61 (D.D.C. 1996)). The primary question to be resolved by each test is whether the parent corporation "so dominated the [subsidiary] corporation as to negate its separate personality." Hart v. Department of Agriculture, 112 F.3d 1228, 1231 (D.C. Cir. 1997) (citation omitted). Many factors are considered in determining questions of alter ego including whether corporate formalities have been disregarded; whether there has occurred an intermingling of corporate and personal funds, staff, and property; and whether in a parent-subsidiary relationship there is domination and control of a corporation. Vuitch v. Furr, 482 A.2d 811, 816 (D.C. 1984).

Importantly, the determination of alter ego is a question of law to be decided by the court. <u>See</u> <u>Joyce v. Silveri Tile Co.</u>, 27 F. Supp. 2d 251, 256 (D.D.C. 1998) (citation omitted).

The relationship between TMC and TMS does not demonstrate the degree of control envisioned by courts when considering whether an alter ego relationship exists. As set forth in the Affidavits of Kojiro Tanaka of TMC and Jerry Koyanagi of TMS, TMS is a separate and independent legal entity from TMC.[3] TMS is the exclusive importer of Toyota motor vehicles in certain regions of the U.S., including the District of Columbia. TMC is incorporated in Japan, and TMS is incorporated in California. TMS maintains its own corporate books and financial records, holds its own bank accounts and files its own tax returns. TMC does not directly own any of the stock of TMS. TMS maintains its own board of directors, separate from that of TMC.

TMS also maintains its own work force separate from that of TMC. TMS employees report to the officers and directors of TMS, not TMC. TMC and TMS maintain separate managerial and supervisory personnel. As a result, TMS employees report to TMS management on issues related to TMS business. Further, because TMS is not involved in the design or manufacture of motor vehicles, it receives no instructions from TMC in these areas. Finally, TMS officers or directors make the decisions regarding the day-to-day operations of TMS. It is not relevant that TMC may ultimately benefit from the activities of TMS or that TMS supervisors report to TMC officers. <u>See</u> <u>Material Supply</u>, 62 F. Supp. at 20-21 (citation omitted).

Similarly, TMA's relationship with TMC does not assist plaintiff in establishing an alter ego relationship. As described by Jeffrey Roman in his Affidavit attached as Exhibit 3, TMA is a separate and independent legal entity from TMC. TMA is a California corporation which functions as the holding company for TMS and Toyota Motor Engineering and Manufacturing

---

[3]  The Affidavit of Jerry Koyanagi is attached as Exhibit 2.

North America, Inc. ("TEMA").  TMA's direct functions include corporate communications; investor relations; corporate advertising; media relations; federal government affairs; industry and regulatory affairs; environmental regulatory matters; market, economic and auto industry research; and management of the Toyota USA Foundation, a philanthropic organization.  See Exhibit 3.

Similar to TMS, TMA maintains its own corporate books and financial records, holds its own bank accounts and files its own tax returns.  TMA also maintains its own board of directors, separate from that of TMC.  Like TMS, TMA maintains its own work force separate from that of TMC.  TMA employees report to the officers and directors of TMA, not TMC.  TMC and TMA maintain separate managerial and supervisory personnel.  As a result, TMA employees report to TMA management on issues related to TMA business.  Further, because TMA is not involved in the design, manufacture or testing of motor vehicles, it receives no instructions from TMC in these areas.  Finally, similar to TMS, TMA officers and directors make the decisions regarding the day-to-day operations of TMA.  See Exhibit 3.

As noted by the United States District Court for the Northern District of Ohio, "The plaintiffs do not present any evidence or arguments asserting that the companies are so closely related as to be considered the same, and in fact ignore the distinction between the companies altogether.  It is apparent that TMS is not merely an alter ego of TMC, and its presence in Ohio cannot subject TMC to jurisdiction there."  Estate of Thomson v. Toyota Motor Corp. Worldwide, 2007 U.S. Dist. LEXIS 44344, *6-7 (N.D. Ohio 2007); see also Estate of Thomson v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 363 (6th Cir. 2008) ("the record supports the district court's conclusion that TMS and TMC are not alter egos.").  Based upon the above,

neither TMS nor TMA is an "alter ego" for TMC which would subject it to the general jurisdiction of this Court.

Plaintiff may also argue that because TMC has chosen to trade its shares on the New York Stock Exchange, it has "purposefully availed itself" of the forum in the District of Columbia. However, as noted by the Second Circuit in Wiwa v. Royal Dutch Petroleum, Co., 226 F.3d 88 (2d Cir. 2000) "jurisdiction is not available over a corporation whose only contacts with the forum are listings on the New York stock exchanges and ancillary arrangements involving the distribution of their shares." Id. at 97. As a result, it is clear that TMC's participation in the New York Stock Exchange does not subject it to personal jurisdiction in the District of Columbia.

### b.    Jurisdictional Discovery is Not Warranted.

The Court should deny any request by plaintiff for jurisdictional discovery. Jurisdictional discovery is justified if a plaintiff "demonstrates that it can supplement its jurisdictional allegations through discovery." GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000). However, plaintiff must "have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998). "[I]t is not error to deny jurisdictional discovery when the record indicates there is nothing to be gained from the effort." Crichlow v. Warner Music Group Corp., 565 F. Supp. 2d 1, 5 (D.D.C. 2008) (quoting Fasolyak v. The Cradle Society, Inc., 2007 U.S. Dist. LEXIS 52041, *36 (D.D.C. 2007)).

In the present case, plaintiff cannot establish that discovery will enable her to establish jurisdiction over TMC. Plaintiffs in a related case were previously granted jurisdictional

discovery which nonetheless resulted in dismissal by the United States District Court for the Middle District of Florida of all claims arising out of the same accident against TMC for lack of personal jurisdiction.  See Estate of Miller v. Toyota Motor Corp., 2008 U.S. Dist. LEXIS 83693, *18 (M.D. Fla. 2008) ("The additional evidence gathered by Plaintiffs [through jurisdictional discovery] is insufficient to elevate TMC's activity to a 'general course of business activity' in Florida.  Plaintiffs place the most weight on indirect contacts which, even when aggregated, provide a very weak case for jurisdiction.").  Given that TMC has previously provided plaintiff with jurisdictional discovery in a related case arising from the same accident, plaintiff should not be afforded an opportunity to subject TMC to yet another fishing expedition. Simply stated, there is nothing to be gained by any additional discovery.  Nor should TMC be subjected once again to the burden and expense of jurisdictional discovery related to plaintiff's meritless claims.

In light of the above, this Court lacks personal jurisdiction over TMC.  Because none of the operative facts occurred in this forum, plaintiff cannot establish specific jurisdiction.  Under the heightened general jurisdiction standard, plaintiff also lacks sufficient evidence, as TMC has no meaningful connection with this venue to establish general personal jurisdiction.

**B.    This Court is an Improper Venue for Plaintiff to Pursue her Cause of Action against TMC.**

28 U.S.C. § 1391 guides whether a judicial district is a proper venue within which to file a claim against a defendant.  Pursuant to this statute, venue is proper if the action is brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id. In assessing whether venue is proper, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." See 28 U.S.C. sec. 1391(c).

Based upon the factual record before this Court, the District of Columbia is an improper venue for the resolution of this action. TMC does not reside in the District of Columbia; rather, it is a Japanese corporation. None of the events relevant to this action have any relation to the District of Columbia. Further, incorporating the arguments set forth in Section "A" above, this Court lacks personal jurisdiction over TMC and thus this Court is an improper venue for plaintiff to pursue this cause of action.[4]

### C.     Plaintiff's Complaint Must be Dismissed for Insufficiency of Service of Process.

As a threshold matter, plaintiff bears the burden of proving that it properly served process. See Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (citations omitted). The United States Supreme Court has stated that use of the Hague Convention procedures for service of original process is mandatory by parties seeking to serve judicial papers on the foreign nationals of a signatory country. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 46 U.S. 694 (1988). The multilateral international convention governing "Service Abroad of Judicial and Extrajudicial Documents" (hereinafter referred to as "The Hague Convention"), provides the

---

[4] For nearly two years, plaintiff has been aware of the availability of South Africa as an alternative forum to pursue this action. TMC first raised the issue as a forum *non conveniens* argument in its Motion to Dismiss Plaintiffs' Complaint filed in the United States District Court for the Northern District of Ohio, in the matter of Estate of Dorothy Thomson, et al. v. Toyota Motor Corp., et al., Civil Action No. 06-2431 (U.S. District Court for the Northern District of Ohio). The Court dismissed plaintiffs' Complaint against co-defendant, Thrifty, on this very issue. The Court never needed to reach this alternative argument as to TMC, because the Court found that plaintiffs lacked personal jurisdiction. Plaintiff was again put on notice by the Sixth Circuit on July 30, 2008 that the proper forum for her claims is South Africa. Rather than adhere to the Orders of those courts and file an action against defendants in South Africa, plaintiff inexplicably filed the instant action in the District of Columbia, a jurisdiction which has even less connection to the accident than the Northern District of Ohio given that plaintiff and the deceased are both citizens of Ohio. Plaintiff should not benefit from its own inaction by now being permitted to argue that South Africa is not an alternate forum due to any issue related to the statute of limitations.

exclusive means by which service of American judicial process may be accomplished in Japan.[5] No state may exercise jurisdiction over a foreign defendant by service of process that violates the terms of the Hague Convention.  United States v. Pink, 315 U.S. 203, 231 (1960).

The Hague Convention provides for three different methods of service abroad.  Article 5 of the Convention permits service through a member state's Central Authority, an agency that requires the Complaint to be translated into the language of that country and then executes service pursuant to that nation's internal laws regarding domestic litigation.  Hague Convention, Article 5(a), 20 U.S.T. 361 (November 15, 1965).  Article 9 allows for service through consular channels designated by the member states.  Id., Article 9, 20 U.S.T. 363.  The third method of service is contained in Article 10(a), and permits service by mail "directly to persons abroad" provided that the "State of destination" does not object.  Id., Article 10(a), 20 U.S.T. 363-364.

Plaintiff in this case has explicitly acknowledged that service of process of TMC, a foreign corporation, must be made pursuant to the Hague Convention.  See December 19, 2008 correspondence from Plaintiff's counsel to Mr. Shigeru Hayakawa, attached hereto as Exhibit 4. Nonetheless, plaintiff attempted to effect service in this case by sending a copy of the Summons and Complaint on January 13, 2009 via Federal Express addressed to Shigeru Hayakawa, Managing Officer, Toyota Motor Corporation at TMS's corporate offices in New York.  See Dckt. # 5, herein.  Plaintiff's attempted service on TMC in this regard is insufficient under D.C. law.

Plaintiff may argue that service of TMC by Federal Express in New York is proper pursuant to F.R.C.P. 4.  However, it is well settled that in diversity actions, amenability to service is guided by the law of the forum.  Ramamurti v. Rolls-Royce Ltd., 454 F. Supp. 407,

---

[5]  20 United States Treaties 361-367, T.I.A.S. 6638.  This multilateral treaty, subject to certain reservations expressed in formal declarations, became effective as to the United States on February 10, 1969, and as to Japan on July 27, 1970.

408 (D.D.C. 1975), <u>aff'd mem.</u> 612 F.2d 587 (D.C. Cir. 1980); <u>cf.</u> Fed. R. Civ. P. 4(e) (permitting service of process on out-of-state parties pursuant to rules of forum state). In the instant case, the rules of service for the District of Columbia control. "Although Rule 4(c)(4) of the D.C. Superior Court Rules of Civil Procedure does appear to permit service upon corporations by mail, the District of Columbia Court of Appeals has held that 'Rule 4's general prescription for service of process cannot replace the specific jurisdictional requirement of D.C. Code § 13-334(a) that service be made in the District of Columbia.'" <u>Gorman</u>, 293 F.3d at 514 (quoting <u>Everett</u>, 628 A.2d at 108). Further, "[w]here the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a), as it is here, a plaintiff who serves the corporation by mail outside the District is 'foreclosed from benefitting from [the statute's] jurisdictional protection.'" <u>Id.</u> (additional citation omitted).

As shown above, plaintiff cannot establish specific personal jurisdiction over TMC pursuant to D.C. Code § 13-423 because her claims do not arise from any activity by TMC in the District of Columbia. To the extent plaintiff alleges general personal jurisdiction over TMC pursuant to § 13-334, she has not properly served any officer or agent of TMC in the District of Columbia pursuant to the express provisions of § 13-334(b).

This Court must also dismiss plaintiff's Complaint because plaintiff's attempted service on TMC was insufficient and incomplete. Specifically, plaintiff has failed to serve TMC pursuant to the dictates of the Hague Convention, as required. Further, plaintiff's attempt to serve the Summons and Complaint via Federal Express in New York does not comply with the express provisions of D.C. Code §13-334. As a result, this Court must dismiss plaintiff's Complaint.

## IV.   CONCLUSION

In conclusion, this Court lacks personal jurisdiction over defendant, Toyota Motor Corporation.   Plaintiff clearly cannot establish personal jurisdiction, given that none of the operative facts occurred in this forum.   Under the heightened general jurisdiction standard, plaintiff also lacks evidence to establish general personal jurisdiction, as TMC has no meaningful connection with this venue sufficient to make the requisite connection.   Further, because this Court lacks personal jurisdiction over TMC, this Court is also not a proper venue within which to resolve this dispute between the parties.   For all of the above reasons, this Court must dismiss plaintiff's Complaint with prejudice.

Respectfully submitted,

**ECKERT SEAMANS CHERIN
 & MELLOTT, LLC**

By:   ___*Edward J. Longosz, II*___
Edward J. Longosz, II  (Bar No. 368932)
Mark A. Johnston (Bar No. 455764)
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 659-6600
elongosz@eckertseamans.com
mjohnston@eckertseamans.com

*Attorneys for Defendant, Toyota Motor Corporation*

Of Counsel:

Edward A. Gray
Dennis P. Ziemba
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
egray@eckertseamans.com
dziemba@eckertseamans.com

Dated:  March 5, 2009